124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Danny L. PALMER, Plaintiff-Appellant,
v.
Stephen Bell, Jim Gilliam, Jack Quirk, Dale Hunt, Kelly
Bryan, Jon Orlosky, Richard Reed, and Richard
Dailey, Defendants-Appellees.
 No. 96-3747.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 25, 1997.*
Aug. 14, 1997.
Rehearing Denied Sept. 18, 1997.
 
 1
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.
 
 ORDER
 BARKER
 
 2
 Danny Palmer brought suit under 42 U.S.C. § 1983 against two police officers, four public defenders, a prosecutor, and a judge for keeping him in jail in violation of his constitutional rights. The district court dismissed the claims against the prosecutor and the judge and granted summary judgment to the remaining defendants. Palmer appeals. We affirm.
 
 
 3
 In September 1993 Palmer was charged in the Delaware County Superior Court with dealing cocaine. Palmer was released on bond September 9. In November, Steve Bell, an officer assigned to the Drug Task Force and a witness against Palmer in the cocaine case, heard that Palmer had been asking questions about him and noticed Palmer drive slowly past his house. Palmer also followed Bell when Bell was on his way to work. A few days later, Bell joined another officer, Jim Gilliam, for breakfast at a local restaurant. While they were eating, Palmer entered the restaurant and, rather than walking through an easily accessible aisle, he walked directly behind Bell. Palmer bought potato chips at the counter and stared at Bell. On November 17, Palmer appeared at the site of a raid being conducted by Drug Task Force officers. After Gilliam recognized him, he was arrested for intimidation and taken to jail. Shortly afterward (the record does not specify exactly what date) his bond on the cocaine charge was revoked.
 
 
 4
 On December 2 the Delaware County Superior Court, Judge Richard Dailey presiding, held a hearing to determine whether Palmer's bond should remain revoked. Public defender Jack Quirk represented Palmer at the hearing; prosecutor Richard Reed represented the government. Bell and Gilliam testified about Palmer's actions, and the court found that Palmer's actions could constitute stalking or intimidation. Thus, Palmer's bond remained revoked pursuant to Ind.Code § 35-33-8-5, which allows a court to revoke bail "upon a showing of good cause." In the following months Palmer was represented by three more public defenders--Dale Hunt, Kelly Bryan, and Jon Orlosky. Hunt unsuccessfully moved to have Palmer's bond reinstated and Bryan was fired by Palmer before he could file a similar motion that he had prepared. Orlosky, however, was able to persuade the court to free Palmer on bond April 14, 1994. Palmer was convicted by a jury of dealing in cocaine on June 1 and sentenced to twenty years imprisonment on June 23, 1994. He received credit for time served between his November arrest and April release on bond.
 
 
 5
 In this § 1983 suit, Palmer contends that Dailey, Reed, the public defenders, and the police officers conspired to deny him his due process rights and keep him in jail without giving him a probable cause hearing on the intimidation charge. Palmer, however, remained incarcerated because his bond for the cocaine charge was revoked. As a result he incurred no injury from anything to do with the intimidation charge. It is true that his bond was revoked because of that charge, but since the resulting incarceration was credited in full against his sentence on the cocaine charge, the intimidation charge was not responsible for lengthening his imprisonment. He cannot complain in this suit about his being incarcerated under the cocaine charge, because his conviction on that charge has not been invalidated by any of the means specified in Heck v. Humphrey, 512 U.S. 477 (1994). And, to repeat, so far as the intimidation charge is concerned, there is no causal connection between it and the loss of liberty of which Palmer complains.
 
 
 6
 The district court's dismissal is modified to one without prejudice pursuant to Heck v. Humphrey. As modified, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)